**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ULTA-LIT TREE CO., | |
| *Plaintiff,* | |
| v. | Case No. _____ |
| RUSLOW XIOUNG, a Chinese company, | |
| *Defendant.* | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Ulta-Lit Tree Co. ("Plaintiff" or "Ulta-Lit") files this Complaint against Ruslow Xioung ("Ruslow" or "Defendant"), and respectfully pleads as follows:

## INTRODUCTION

1. This action arises from Defendant's willful trade dress infringement, unfair competition, and deceptive trade practices resulting from the unauthorized use of Plaintiff's registered and common law trade dress rights in Ulta-Lit's popular and distinctive glue gun configuration light set tester, which has been offered for sale by Ulta-Lit continuously since 2001. Defendant sells a competitive product that uses configurations that are confusingly similar to and in respects identical to Plaintiff's protected trade dress. By willfully and intentionally infringing Ulta-Lit's Trade Dress, Defendant has violated the Lanham Act, 15 U.S.C. § 1114, 15 U.S.C. § 1125, and related state statutory and common law causes of action.

2. Defendant's infringing activities further subjects it to liability for violations of Illinois state statutory laws, specifically the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815

ILCS 505/1, *et seq.* Defendant's unlawful acts also constitute an intentional interference with the business relationships of Plaintiff.

3.      Plaintiff is forced to file this action to combat Defendant's infringement of Plaintiff's trade dress rights, to protect consumers from purchasing infringing products over the Internet, and to prevent Defendant from unfairly profiting from Ulta-Lit's hard-earned reputation and goodwill.

## JURISDICTION AND VENUE

4.      This action arises under the United States Trademark Laws, 15 U.S.C. §§ 1051–1127, commonly known as the Lanham Act. This Court therefore has original jurisdiction over this controversy pursuant to 15 U.S.C. §§ 1116 and 1121, and 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1338(b) and has supplemental jurisdiction over the Ulta-Lit's state-law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to Ulta-Lit's claims under the Lanham Act that they form a part of the same case or controversy.

6.      This Court has personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(2) because it is a foreign Defendant that can be sued anywhere in the United States, is not subject to jurisdiction to any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the Lanham Act and the United States Constitution.

7.      This Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets consumers in the United States, including Illinois, through commercial Internet stores and/or online marketplaces. Specifically, Defendant is reaching out to do business with Illinois residents by operating Internet stores and/or online marketplace accounts through which Illinois residents can purchase products infringing on Plaintiff's trade dress rights. Defendant has targeted sales from Illinois residents, accepted payments in U.S. dollars, and has

2

sold products infringing on Plaintiff's trade dress rights to Illinois residents. Defendant is committing tortious acts in Illinois, engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391. On information and belief, Defendant is not resident in the United States and may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

## PARTIES

9.      Plaintiff Ulta-Lit is a corporation duly organized and existing pursuant to the laws of the State of Illinois with its principal place of business located at 1989 Johns Drive, Glenview, IL 60025, United States.

10.     Defendant Ruslow is, upon information and belief, a Chinese company operating under the brand name HOHEAN® on Amazon.com, with a principal place of business in the Shuangfeng Zhigu Innovation Pioneering Science Park, China, Anhui, Hefei, Changfeng County, 001, 东北方向90米 邮政编码: 231131.

## FACTS

### Ulta-Lit's Distinctive Trade Dress

11.     Ulta-Lit was founded in 1996 in Illinois by John DeCosmo.

12.     Ulta-Lit is a leader and innovator in the field of ornamental light testing and repair tools and related accessories.

13.     In August 2001, Ulta-Lit developed a revolutionary new battery-operated light set tester, with a glue gun configuration and a three-dimensional V-shape on the top surface of the device. This distinctive light set tester is referred to under the product name "LightKeeper Pro®." Below is an image of the LightKeeper Pro®:



**Exhibit A**

"Ulta-Lit's LightKeeper Pro® Product Listing"; *available* https://www.amazon.com/Keeper-PRO-Complete-Fixing-Miniature/dp/B000R8KBOK (last visited May 2, 2025).

14.     Since August 2001, the LightKeeper Pro® has become Ulta-Lit's most popular product, successfully competing in the market of light tester products, with over 7 million units sold to date. Ulta-Lit has continuously marketed the LightKeeper Pro® since 2001, having spent over $6 million on advertising in the last 15 years.

15.     Because the safety of any electrical product is of utmost importance to Ulta-Lit, the LightKeeper Pro® is UL® certified, which means that the product meets the stringent standards of Underwriters Laboratories and may bear the UL® certification signifying that this product has been tested and verified to meet specific electrical safety standards. Consumers are trained to associate the LightKeeper Pro® product as UL® certified, and therefore safe to use. Consumers purchase Ulta-Lit products, including the LightKeeper Pro® bearing the distinctive trade dress, with knowledge that the product is safe to use.

16.     Ulta-Lit has vigorously protected all of its intellectual property embodied by the LightKeeper Pro®, including enforcing its numerous United States trademarks, trade dress

4

registrations, and copyrights against infringers.

17.     Ulta-Lit's LightKeeper Pro® is recognized by its distinctive configuration trade dresses. The side view of Ulta-Lit's LightKeeper Pro® is embodies a distinctive trade dress (Ulta-Lit LightKeeper Pro® Side-Configuration Trade Dress) which is protected by Federal Trademark Registration No. 7245520 (attached herein as **Exhibit B**). The mark consists of a three-dimensional configuration of the upper portion of an electromechanical device shaped like a glue gun:



**Ex. B**

18.     In addition to its registration for the side of the product, the genuine product also bears a distinctive three-dimensional V-shape at the top of the LightKeeper Pro® device, which is apparent from a top view of the product, including as it is shown in the claim shell packaging that is used to sell the product. The three-dimensional V-shape has been used by Ulta-Lit since the products first sale, has been used continuously, and is identified exclusively with the Ulta-Lit LightKeeper Pro® (the "Ulta-Lit LightKeeper Pro® V-Configuration Trade Dress").

19.     The distinctive V-shape configuration on the top of the LightKeeper Pro® is the subject of a pending trade dress application, filed on March 3, 2025, and accorded U.S. Trademark Application No. 99/063,955 ("'955 Application"). A copy of the Application No. 99/063,955 is attached hereto as **Exhibit C**. The '955 Application has been made special by the United States Patent and Trademark Office, subjecting it to expedited review.

20.     Specifically, the Ulta-Lit LightKeeper Pro® V-Configuration Trade Dress consists

of a three-dimensional V-shape on the top surface of an electromechanical device, which can be viewed through its clear clamshell packaging. The dotted outline of the goods in the image below is intended to show the position of the mark on the electromechanical device:



**Ex. C**

21.     Collectively, the Ulta-Lit LightKeeper Pro® Side-Configuration Trade Dress and the Ulta-Lit LightKeeper Pro® V-Configuration Trade Dress represent the Ulta-Lit LightKeeper Pro® Configuration Trade Dress.

22.     The Ulta-Lit LightKeeper Pro® Configuration Trade Dress is a non-functional feature of the Ulta-Lit LightKeeper Pro®.

23.     Competing products are available on the marketplace that do not infringe on the Ulta-Lit LightKeeper Pro® Configuration Trade Dress. *See, e.g.*, https://simplelivingsolutions.com/products/wholesale-12-pack-2-in-1-adjustable-ladderless-light-tester-style-750001 (last visited May 2, 2025):



***Competitor's Non-Infringing Design***

24.     Consumers identify the LightKeeper Pro® by its distinctive Configuration Trade Dress, which is visible in "look for" clamshell clear plastic packaging so that consumers can readily identify the product by its distinctive configuration, as shown below:



**Ex. A**
***Showing the Ulta-Lit LightKeeper Pro® Side-Configuration Trade Dress through the clamshell clear plastic packaging***

7



*Showing the Ulta-Lit LightKeeper Pro® V-Configuration Trade Dress through the clamshell clear plastic packaging*

**Defendant's Unlawful and Infringing Conduct**

25.     The success of Ulta-Lit's brand has resulted in competitor knockoffs of the distinctive elements of Ulta-Lit's configurations, in an attempt to confuse consumers.

26.     In or around November 2024, Ulta-Lit discovered product listings on Amazon.com under the brand name HOHEAN® (operated by Ruslow) that sell light set testers using a confusingly similar trade dress to the Ulta-Lit LightKeeper Pro® Configuration Trade Dress. Ulta-Lit used Amazon's dispute resolution processes to address these listings, which were ultimately unsuccessful.

27.     On information and belief, Defendant is responsible for at least two Amazon storefronts, one for Hohean (https://www.amazon.com/stores/Hohean/page/18804B87-A80B-4E13-971F-A2EF50713FFB) and one for Ruslow (https://www.amazon.com/s?me=ABGIL01O VP55C&marketplaceID=ATVPDKIKX0DER).

28.     Attached as **Exhibit D** are representative listings of over a dozen of Defendant's infringing product listings (the "Infringing Products") being offered for sale to customers in the

8

United States, including customers in Illinois.

29. These product listings sell light set testers that feature the identical three-dimensional V-shape configuration at the top of the device, as well as the federally registered side panel configuration, The Infringing Product copies all of the elements of Ulta-Lit's protected trade dress in configuration that identifies the Ulta-Lit LightKeeper Pro® product. *See* **Exhibit E** (printouts of the Infringing Product listings).

30. Plaintiff obtained a representative sample of one of Defendant's Infringing Products and confirmed that it includes the Ulta-Lit LightKeeper Pro® Configuration Trade Dress. Below is a side-by-side comparison of representative Infringing Product (in green on the left) and Ulta-Lit's LightKeeper Pro® product (in red on the right), which embodies the Ulta-Lit LightKeeper Pro® Configuration Trade Dress:



*Comparisons of Defendant's Infringing Product (in green on the left) and Ulta-Lit's LightKeeper Pro® product (in red on the right) showing the Ulta-Lit LightKeeper Pro® Side-Configuration Trade Dress.*



*Comparisons of Defendant's Infringing Product (in green on the left) and Ulta-Lit's LightKeeper Pro® product (in red on the right) showing the Ulta-Lit LightKeeper Pro® V-Configuration Trade Dress.*

31.     On or around April 1, 2025, Ulta-Lit sent a cease-and-desist letter to Ruslow, informing Ruslow of its products' infringement of Ulta-Lit's trade dress rights and demanding that Ruslow cease sales of the Infringing Products. **Exhibit F** (April 1, 2025, Cease and Desist Letter). Although DHL returned the hard copy of the Cease and Desist letter as undeliverable, counsel for Defendant confirmed that the letter had been forwarded. **Exhibit G** (April 2, 2025, Email from Paul N. Dunlap).

32.     Ruslow ignored these enforcement efforts by Ulta-Lit and continued to use the Ulta-Lit LightKeeper Pro® Configuration Trade Dress.

### Consumer Confusion and Ulta-Lit's Injury

33.     Defendant's repeated unlawful conduct has caused, and will continue to cause, a likelihood of confusion among consumers.

34. Defendant, without any authorization or license from Ulta-Lit, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the Infringing Products, and continue to do so via its Internet stores. Each Internet store offers shipping to the United States, including Illinois, and, on information and belief, Defendant has sold the Infringing Products into the United States, including Illinois.

35. Defendant's infringement in the offering to sell, selling, or importing of the Infringing Products was willful.

36. Defendant's infringement in connection with the offering to sell, selling, or importing of the Infringing Products is irreparably harming Ulta-Lit.

37. Ulta-Lit has not licensed or authorized Defendant to use the Ulta-Lit LightKeeper Pro® Configuration Trade Dress, and Defendant is not an authorized retailer of Ulta-Lit's products.

38. In a search on Amazon.com for "christmas light repair kit," Defendant's infringing products account for thirteen (13) of the first forty-eight results (48)—more than a quarter of first page of results, counting "sponsored" results. *See* **Exhibit H** (Amazon search results for "christmas light repair kit," conducted April 28, 2025). By comparison, Plaintiff's product only accounts for five (5) of the first 48 results. Even when searching specifically for "ulta-lit christmas light repair kit," the first four (4) results are Defendant's product, and are fourteen (14) of the thirty-one (31) results, or ***more than 45% of total*** search results. *See* **Exhibit I** (Amazon search results for "ulta-lit christmas light repair kit," conducted April 28, 2025). Thus, even when directly searching for Plaintiff's trade-dress-protected product on Amazon, customers are likely to be confused by the prevalence of Defendant's Infringing Products.

39. These search results underscore the high likelihood of confusion that have robbed Ulta-Lit of customers, profits, and the benefit of Ulta-Lit's hard-earned goodwill in its product

identified with the Ulta-Lit LightKeeper Pro® Configuration Trade Dress.

40. Inspection of the representative Infringing Product, its packaging, and included documentation showed no indication of UL® certification or any other certification by an accredited test lab. Therefore, on information and belief, none of the Infringing Products are UL® certified. There is therefore an increased risk that customers who mistakenly purchase an Infringing Product instead of an authorized LightKeeper Pro® could be severely injured and attribute their injury to Ulta-Lit.

**COUNT I**
**Trade Dress Infringement**
**(Lanham Act § 32. 15 U.S.C. 1114(1)(a))**

41. Plaintiff Ulta-Lit incorporates by reference and re-alleges each and every previous allegation as if set forth herein.

42. Defendant's acts complained of herein constitute trade dress infringement of Ulta-Lit's federal trade dress registration in violation of 15 U.S.C. § 1114. In particular, Defendant's acts relating to the Ulta-Lit LightKeeper Pro® Side-Configuration Trade Dress constitute trade dress infringement in violation of 15 U.S.C. § 1114.

43. As the result of Defendant's infringing activities, Defendant has causes and will continue to cause irreparable harm to Ulta-Lit and the good will associated with Ulta-Lit's registered trade dress.

44. Defendant will continue infringing upon Ulta-Lit's federally registered trade dress rights, by offering a competing product that infringes on Ulta-Lit's LightKeeper Pro® Side-Configuration Trade Dress.

45. Ulta-Lit has been damaged by Defendant's infringement in an amount to be determined at trial. Ulta-Lit has no adequate remedy at law, inasmuch as money damages alone would not adequately compensate Ulta-Lit for the harm to its property rights, established goodwill

and business reputation.

46.     Defendant's acts have caused, and unless this Court acts to enjoin Defendant, will continue to cause, great and irreparable harm to Ulta-Lit and its proprietary rights, goodwill and business reputation, and to Ulta-Lit's customers.

**COUNT II**
**Trade Dress Infringement**
**(Lanham Act § 43(a), 15 U.S.C. 1125(a))**

47.     Plaintiff Ulta-Lit incorporates by reference and re-alleges each and every previous allegation as set forth herein.

48.     Defendant's acts complained of herein constitute trade dress infringement in violation of 15 U.S.C. § 1125(a). In particular, Defendant's acts relating to the Ulta-Lit LightKeeper Pro® V-Configuration Trade Dress constitute trade dress infringement in violation of 15 U.S.C. § 1125(a).

49.     Defendant has offered to sell, sold, marketed, distributed, and advertised, and are still offering to sell, selling, marketing, distributing, and advertising the Infringing Products in connection with Ulta-Lit's trade dress rights without Ulta-Lit's permission.

50.     The Ulta-Lit LightKeeper Pro® V-Configuration Trade Dress is entitled to protection under the Lanham Act. The Ulta-Lit LightKeeper Pro® V-Configuration Trade Dress includes unique, inherently distinctive, and non-functional designs. Ulta-Lit has extensively and continuously promoted and used and sold products bearing the Ulta-Lit LightKeeper Pro® V-Configuration Trade Dress in commerce in the United States including in this judicial district. Through that extensive and continuous and substantially exclusive use, the Ulta-Lit LightKeeper Pro® V-Configuration Trade Dress has become a well-known indicator of the origin of Ulta-Lit's light set testers and has acquired substantial secondary meaning in the marketplace. Moreover, the Ulta-Lit LightKeeper Pro® V-Configuration Trade Dress acquired this secondary meaning before

Defendant commenced its unlawful use of the Ulta-Lit LightKeeper Pro® V-Configuration Trade Dress in connection with the Infringing Products.

51.     Ulta-Lit has not authorized Defendant's use of the Ulta-Lit LightKeeper Pro® V-Configuration Trade Dress.

52.     Ulta-Lit has been damaged by Defendant's unlawful use of the Ulta-Lit LightKeeper Pro® V-Configuration Trade Dress, and, unless enjoined, Defendant's unlawful use of the Ulta-Lit LightKeeper Pro® V-Configuration Trade Dress will continue to cause substantial and irreparable injury to Ulta-Lit for which Ulta-Lit has no adequate remedy at law.

53.     Defendant's use of the Ulta-Lit LightKeeper Pro® V-Configuration Trade Dress has been intentional, willful, and malicious.

54.     Defendant's intentional, willful, and unauthorized use of the Ulta-Lit LightKeeper Pro® V-Configuration Trade Dress is likely to cause and are causing confusion, mistake, and deception as to the origin and quality of the Infringing Products among the general public.

55.     Ulta-Lit is entitled to injunctive relief, and Ulta-Lit is entitled to recover at least Defendant's profits, Ulta-Lit's actual damages, enhanced damages/profits, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

56.     In view of the nature of Defendant's acts in violation of 15 U.S.C. § 1125(a) complained of herein, and/or Defendant's willfulness and bad faith, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT III
**Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act
(815 ILCS 505/1)**

57.     Plaintiff Ulta-Lit incorporates by reference and re-alleges each and every allegation as set forth herein.

58.     Plaintiff Ulta-Lit owns and has the exclusive right to use, and actively uses the Ulta-

14

Lit LightKeeper Pro® Configuration Trade Dress in the United States and in Illinois.

59.　　As alleged herein, Defendant has, without consent or authorization from Ulta-Lit, used and continues to use the Ulta-Lit LightKeeper Pro® Configuration Trade Dress on the Infringing Products sold in interstate commerce, including in the State of Illinois.

60.　　Defendant's decision to copy the Ulta-Lit LightKeeper Pro® Configuration Trade Dress in order to sell the Infringing Products in competing markets with Ulta-Lit constitutes unfair and/or deceptive business practices, which have caused Ulta-Lit to suffer actual damages.

61.　　By reason of the acts set forth herein, Defendant has engaged in unfair and/or deceptive practices under applicable Illinois law by, among other things, (i) passing off its goods as those of Ulta-Lit; (ii) causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of services; (iii) causing likelihood of confusion or misunderstanding as to the affiliation, connection, or association of Defendant or Defendant's goods with Ulta-Lit or Ulta-Lit's goods; and (iv) engaging in other conduct which similarly creates a likelihood of confusion or misunderstanding. *See* 815 ILCS 505/2.

62.　　In engaging in the aforementioned unfair and/or deceptive acts, omissions, and/or practices, Defendant intended for consumers to suffer confusion and to rely on their deception.

63.　　Defendant's unfair and/or deceptive acts, omissions, and/or practices occurred in the normal course of trade or commerce.

64.　　Defendant's unfair and/or deceptive acts, omissions, and/or practices have caused, are causing and are likely to cause substantial injury to Ulta-Lit and consumers at large.

65.　　Due to the unfair and deceptive nature of Defendant's actions, Defendant has caused, and unless enjoined by this Court, will continue to cause serious and irreparable injury and damage to Ulta-Lit, for which Ulta-Lit has no adequate remedy at law.

66.     Ulta-Lit has suffered and continues to suffer irreparable harm as a result of Defendant's infringing conduct and a preliminary and permanent injunction is necessary to prevent confusion or misunderstanding as to source going forward.

67.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Ulta-Lit LightKeeper Pro® Configuration Trade Dress, thus entitling Ulta-Lit to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and attorneys' fees.

**COUNT IV**
**Violation of Illinois' Uniform Deceptive Trade Practices Act**
**(815 ILCS 510/1 *et seq.*)**

68.     Plaintiff Ulta-Lit incorporates by reference and re-alleges each and every previous allegation as set forth herein.

69.     Plaintiff Ulta-Lit owns and has the exclusive right to use, and actively uses the Ulta-Lit LightKeeper Pro® Configuration Trade Dress in the United States and in Illinois.

70.     As alleged herein, Defendant has, without consent or authorization from Ulta-Lit, used and continues to use the Ulta-Lit LightKeeper Pro® Configuration Trade Dress on the Infringing Products sold in interstate commerce, including in the State of Illinois.

71.     Defendant's decision to copy the Ulta-Lit LightKeeper Pro® Configuration Trade Dress in order to sell the Infringing Products in competing markets with Ulta-Lit constitutes unfair methods of competition and unfair trade practices.

72.     By reason of the acts set forth herein, Defendant has engaged in deceptive trade practices under applicable Illinois law by, among other things, (i) passing off its goods as those of Ulta-Lit; (ii) causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of services; (iii) causing likelihood of confusion or misunderstanding as to the affiliation, connection, or association of Defendant or Defendant's goods with Ulta-Lit or

16

Ulta-Lit's goods; and (iv) engaging in other conduct which similarly creates a likelihood of confusion or misunderstanding. *See* 815 ILCS 510/2(1)–(3).

73.     Defendant's aforementioned unfair, abusive, and/or deceptive acts, omissions, and/or practices were made in the course of their business, vocation, or occupation within the meaning of 815 ILCS 510/2.

74.     Defendant's deceptive trade practices are causing and are likely to cause substantial injury to the public.

75.     Due to the unfair nature of Defendant's actions, Defendant has caused, and unless enjoined by this Court, will continue to cause, serious and irreparable injury and damage to Ulta-Lit, for which Ulta-Lit has no adequate remedy at law.

76.     Ulta-Lit has suffered and continues to suffer irreparable harm as a result of Defendant's infringing conduct and a preliminary and permanent injunction is necessary to prevent confusion or misunderstanding as to source going forward.

77.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Ulta-Lit LightKeeper Pro® Configuration Trade Dress, thus entitling Ulta-Lit to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and attorneys' fees.

## COUNT V
## Illinois Common Law Unfair Competition

78.     Plaintiff Ulta-Lit incorporates by reference and re-alleges each and every allegation as set forth herein.

79.     The acts of Defendant complained of herein constitute trade dress infringement, false designations of origin, false advertising, dilution, and other unfair competition in violation of Illinois common law.

80.     Ulta-Lit has been and continues to be damaged by Defendant's conduct in an amount to be determined at trial.

81.     Upon information and belief, Defendant's conduct is willful, deliberate, intentional, and in bad faith.

82.     By reason of the foregoing acts, Defendant has caused, and unless enjoined will continue to cause irreparable harm to Ulta-Lit. Ulta-Lit has no adequate remedy at law to address these injuries.

## COUNT VI
## Unjust Enrichment

83.     Plaintiff Ulta-Lit incorporates by reference and re-alleges each and every allegation as set forth herein.

84.     Defendant has been and continues to be unjustly enriched at the expense of Ulta-Lit by Defendant's acts complained of herein.

85.     Specifically, Defendant has taken unfair advantage of Ulta-Lit by trading on and profiting from the goodwill and reputation of at least the Ulta-Lit LightKeeper Pro® Configuration Trade Dress, which was developed and is owned by Ulta-Lit, resulting in Defendant wrongfully obtaining and retaining a monetary and reputational benefit for its own business and products to Ulta-Lit's detriment.

86.     Defendant's retention of this benefit violates the fundamental principles of justice, equity, and good conscience.

87.     Defendant's acts complained of herein constitute unjust enrichment at Ulta-Lit's expense in violation of Illinois state common law.

88.     Ulta-Lit has been damaged by Defendant's acts of unjust enrichment.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ulta-Lit respectfully prays for the following relief:

A.      A judgment that:

      a.  Defendant has each engaged in unfair competition and trade dress infringement in violation of Section 32 of the Lanham Act, 15. U.S.C. § 1114 (1)(a);

      b.  Defendant has each engaged in unfair competition and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15. U.S.C. § 1125(a);

      c.  Defendant has engaged in unfair and deceptive trade practices in violation of 815 ILCS 505/1 *et seq.* and 815 ILCS 510/2 *et seq.*;

      d.  Defendant has engaged in trade dress infringement in violation of Illinois common law;

      e.  Defendant has been unjustly enriched by their infringement of the Ulta-Lit LightKeeper Pro® Configuration Trade Dress; and

      f.  Defendant's actions were willful, intentional and knowing.

B.      Temporarily, preliminarily, and permanently enjoining Defendant, its officers, agents, licensees, assignees, successors, servants, employees, attorneys, and all other persons in active concert or participation with Defendant from doing any of the following acts, either directly or indirectly, and from doing any act prefatory to the prohibited acts:

      a.  Using and further infringing on the Ulta-Lit LightKeeper Pro® Configuration Trade Dress or any designation, entity name, or product design that is confusingly similar to the Ulta-Lit LightKeeper Pro® Configuration Trade Dress;

      b.  Advertising, displaying, or promoting in any manner any product by using the Ulta-Lit LightKeeper Pro® Configuration Trade Dress, or any designation that is confusingly similar thereto in connection with light set testers;

      c.  Holding out or suggesting in any manner whatsoever, that Defendant, or its products or services, are in any way sponsored by, associated with, or affiliated with Ulta-Lit, or Ulta Lit's goods in any way; and

      d.  Engaging in any other activity constituting unfair competition with Ulta-Lit

or constituting infringement of or unfair competition with the Ulta-Lit LightKeeper Pro® Configuration Trade Dress.

C.    Entry of an Order that those in privity with Defendant and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon, Walmart, Sears, K-Mart, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing, and Yahoo (collectively, the "Third Party Providers") shall:

    a.    disable and cease providing services being used by Defendant, currently or in the future, to engage in the sale of goods that infringe the Ulta-Lit LightKeeper Pro® Configuration Trade Dress;

    b.    disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Ulta-Lit LightKeeper Pro® Configuration Trade Dress; and

    c.    take all steps necessary to prevent links to the Defendant from displaying in search results, including, but not limited to, removing links to the Defendant's Infringing Products from any search index.

D.    Ordering Defendant to promptly file with the Court and serve upon Ulta-Lit a report, in writing and under oath, setting forth in detail the manner in which Defendant has complied with any injunction issue by the Court, pursuant to 15 U.S.C. § 1116(a).

E.    Ordering Defendant to deliver to the Clerk of this Court proof of destruction of any and all materials in Defendant's possession, custody, or control that depict or relate to the development, marketing, or sale of their infringing goods or any other related materials bearing trade dress confusingly similar to the Ulta-Lit LightKeeper Pro® Configuration Trade Dress in accordance with 15 U.S.C. § 1118.

F.    Ordering Defendant to pay over to Ulta-Lit all gains, profits, and advantages realized by Defendant from its unlawful acts and omissions complained of herein, pursuant to 15

U.S.C. § 1117.

     G.     Ordering an award of pre-judgment interest.

     H.     Plaintiff Ulta-Lit be awarded its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a) and all damages suffered by Ulta-Lit in an amount to be determined at trial, plus interest as allowed by law, pursuant to 815 ILCS 510/3.

     I.     Ordering such other and further relief as the Court may deem just and proper, including an award of punitive and exemplary damages.

## JURY DEMAND

Plaintiff Ulta-Lit, by counsel, hereby requests a jury trial as to all matters so triable.


Dated: <u>May 2, 2025</u>          Respectfully submitted,

     By:     <u>*/s/ Tom Rammer*</u>
          Tom Rammer (IL ARDC No. 6297479)
          Justin Swindells (IL ARDC No. 6257291)
          ICE MILLER LLP
          200 West Madison Street, Suite 3500
          Chicago, IL 60606
          Telephone: 312.726.1567
          Fax: 312.726.7102
          Justin.Swindells@icemiller.com
          Tom.Rammer@icemiller.com

          Jacqueline M. Lesser (*pro hac vice* forthcoming)
          1735 Market St., Suite 3900
          Telephone: 215.982.5169
          Fax: 215.377.5029
          Jacqueline.Lesser@icemiller.com

          *Attorneys for Plaintiff Ulta-Lit Tree Co.*

## **VERIFICATION**

I, John DeCosmo, pursuant to 28 U.S.C. *§* 1746. declare as follows:

1.      I am the current President and CEO of Ulta-Lit Tree Co., and I am authorized to make this verification on behalf of Plaintiff Ulta-Lit Tree Co.

2.      I have read the Complaint for Damages and Injunctive Relief: am familiar with its contents. and. based on a reasonable inquiry conducted with the assistance of counsel and other employees of Ulta-Lit Tree Co., the Complaint. the exhibits thereto. and the statements contained therein are accurate. have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. and are not being made for any improper purpose.

3.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my information. knowledge. and belief:

Executed on ___ 5/1/25 ___

_____
John DeCosmo
Ulta-Lit Tree Co.